UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JAVED AKHTAR,

      Defendant.
_____/

Case No. 15-20600

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

**ORDER DENYING AFSHEEN HABIB'S PETITION FOR HEARING [51]; GRANTING GOVERNMENT'S MOTION TO DISMISS [54]**

On June 7, 2017, Petitioner Afsheen Habib, through counsel, filed a Petition for Hearing to Adjudicate Validity of Interest in Currency Seized from Bank Account [51]. On June 26, 2017, the Government filed a Motion to Dismiss Third-Party Petition of Afsheen Habib for Failure to State a Claim [54]. Petitioner filed a Response [55] on July 6, 2017. The Government filed a Reply [56] on July 13, 2017.

For the reasons stated below, Afsheen Habib's Petition for Hearing [51] is **DENIED** and the Government's Motion to Dismiss [54] is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 5, 2014, the Government filed a Criminal Complaint [1] alleging that Defendant Javed Akhtar had participated in a health care fraud scheme. Also on that date, the Federal Bureau of Investigation (FBI) executed

seizure warrants of bank accounts affiliated with Defendant and the fraudulent scheme.

On March 17, 2015, the Government filed a Complaint for Civil Forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C). *United States of America v. Forty-Seven Thousand One Hundred Fifty Seven and 38/100 ($47,157.38) et al.*, No. 15-11025, (E.D. Mich. Mar. 18, 2015). Of the six accounts listed in the Complaint for Civil Forfeiture, two were in the name of Petitioner Afsheen Habib, Defendant's wife. The remaining four were in Defendant's name.

On April 25, 2015, Petitioner filed a Claim of Interest in Defendant's property as to the two accounts in her name. *Id.* at Dkt. #11. On May 5, 2015, the Court entered an Order staying the civil forfeiture action pending completion of Defendant's criminal proceeding. *Id.* at Dkt. #12.

On November 12, 2015, Defendant pleaded guilty to two counts of 18 U.S.C. § 1349 Conspiracy to Commit Health Care Fraud. [Dkt. #33]. As part of the Rule 11 Plea Agreement, Defendant agreed to forfeiture of any interest he might have in the Subject Property. *Id.* The Subject Property included:

- Forty-Seven Thousand One Hundred Fifty-Seven Dollars and Thirty Eight Cents ($47,157.38) in U.S. Currency from Advantage One Credit Union Member Share and Draft Account Number XXXXX3523;

- One Hundred Forty-Three Thousand Eight Hundred Sixty-Five Dollars and Thirty Cents ($143,865.30) in U.S. Currency from Advantage One Credit Union Member Certificate of Deposit Account Number XXXXX3523;

- Thirty-Four Thousand One Hundred Ninety-Three Dollars and Forty-Eight Dollars ($34,193.48) in U.S. Currency from JP Morgan Chase Bank Account Number 795588417;

- Twenty-Four Thousand Eight Hundred Fifty-Three Dollars and Forty Cents ($24,853.40) in U.S. Currency from Advantage One Credit Union Member Share and Draft Account Number XXXXX4152;

- Two Hundred Twenty Five Dollars and Eleven Cents ($225.11) in U.S. Currency from JP Morgan Chase Bank Account Number 914893284; and

- Five Hundred Twenty Six Dollars and Ninety Seven Cents ($526.97) in U.S. Currency from JP Morgan Chase Bank Account Number 2963372236.

On October 13, 2016, the Court entered a Judgment [47], which among other things, included the forfeiture of $250,821.64 (Subject Property) pursuant to 18 U.S.C. § 982(8)(7). The Subject Property included two Advantage One Credit Union accounts (XXXXX3523) in Petitioner Afsheen Habib's name. The two accounts in Petitioner's name had sums of $47,157.38 and $143,865.30, respectively.

On May 5, 2017, the Court entered a Stipulated Order to Allow Late Petition to Adjudicate Validity of Interest in Seized Property [50].[1] On June 6, 2017, Petitioner filed a Petition [51] for a hearing to adjudicate the validity of her interest in $110,000 of the Subject Property. In support of her Petition [51], Petitioner submits:

> Between 9/16/10 and April 11, 2012, Ms. Habib made loans to her husband in the amounts of $75,000 and $35,000. The funds for the loans were lawfully acquired by Ms. Habib and earned through her employment. Her husband, Javed Akhtar, subsequently repaid the loans. Ms. Habib claims an interest in an amount of One Hundred Ten Thousand ($110,000.00) Dollars on this basis. She is an innocent owner of the funds and/or a bona fide purchaser for value of the amount of $110,000.
>
> The money in Ms. Habib's account constituted, in part, the repayment of monies lawfully earned by Ms. Habib, loaned to her husband and subsequently repaid. In addition, the balance of the funds in the account were also lawfully obtained through Ms. Habib's individual employment and for services provided for her husband's company. All services were provided in good faith and without knowledge of any illegal conduct the government alleges as a basis for forfeiture.

[Dkt. #51 at 2].

**ANALYSIS**

Pursuant to 21 U.S.C. § 853(n)(2):

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court

---

[1] It its Response [54], the Government notes that it entered a stipulation permitting Petitioner to file a third-party petition to $110,000 after discussions aimed at resolving the matter were unsuccessful.

for a hearing to adjudicate the validity of his alleged interest in the property.

"Federal Rule of Criminal Procedure 32.2 . . . sets out, *inter alia*, the 'ancillary proceeding' to be used when a third party files a petition in a criminal forfeiture proceeding." *United States v. Salti*, 579 F.3d 656, 662 (6th Cir. 2009). According to Rule 32.2(c)(1)(A), "[i]n the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Courts should review a motion to dismiss for failure to state a claim under Rule 32.2(c)(1)(A) similar to a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b). *See Salti*, 579 F.3d at 667. "To survive a motion to dismiss, [the petitioner] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Section 853(c) makes clear that right, title, and interest in property vest in the United States Government "upon the commission of the act giving rise to forfeiture." A third party may contest an order of forfeiture only in two limited circumstances:

> (1) the petitioner has a legal right, title, or interest in the property that was vested in the petitioner . . . or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property; or

> (2) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under such section.

*United States v. Monea Family Trust I*, 626 F.3d 271, 277 (6th Cir. 2010) (internal quotation marks omitted).

The third party petition must set forth "the nature and extent of the petitioner's right, title, or interest in the property" and the "time and circumstances of the petitioner's acquisition of the right, title, or interest in property." § 853(n)(3); *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (affirming the district court's dismissal of a third party petition that asserted only a conclusory interest in the properties). A third party may not use the petition as a means of re-litigating a previous determination that specific property is subject to criminal forfeiture. *Id.*

### I.   Petitioner has failed to make a prima facie showing of a vested or superior interest in the Subject Property.

In order to obtain relief under § 853(n)(6)(A)(1), Petitioner ". . . must make at least a prima facie showing of a 'vested' or a 'superior' interest . . . ." in the forfeited property. *United States v. Campos*, 859 F. 2d 1233, 1239 (6th Cir. 1988) (holding that the petitioner must assert something more than being a general creditor). The petition must allege that Petitioner's ". . . interest in the property is superior to the government's interest at the time of the commission of the act

giving rise to the forfeiture, the moment when the government 'step[ped] into [the defendant's] shoes.'" *United States v. Galemmo*, 661 Fed. App'x 294, 297 (6th Cir. 2016).

In this case, the Government "stepped into the defendant's shoes" in June 2010 when Defendant began the health care fraud scheme. R. 11 Plea Agreement at 2 ("Beginning in or about June 2010 and continuing through in or about October 2014, defendant Javed Akhtar ('Akhtar') knowingly and willfully conspired with others to devise two schemes to defraud Medicare, in violation of 18 U.S.C. § 1349.").

Petitioner states that between September 2010 and April 2012, she made loans to her husband in the amounts of $75,000 and $35,000 and that her husband subsequently repaid those loans. Petitioner further maintains that she earned this money through her employment. Petitioner concludes that she has superior title to her husband (and the Government) because the two accounts are in her name.[2]

Petitioner has failed to allege sufficient facts to support a plausible claim that her interest in the property is superior to the interest of the Government. Petitioner states that she is the "true owner" of the $110,000 because she received a portion through repayment of loans and the balance through individual employment and employment with her husband's company. [Dkt. # 55 at 3-4].

---

[2] Petitioner filed a Claim of Interest with the FBI on December 9, 2014 claiming ownership of the funds in both accounts.

However, the Petition does not set forth the time and circumstances of Petitioner's acquisition of her interest in the money, as required by § 853(n)(3). Petitioner fails to plead any facts regarding her alleged individual employment, such as where she was employed, her dates of employment, and her responsibilities as an employee. Furthermore, neither the Petition [51] nor the Reply [55] offer the dates of Petitioner's employment with her husband's company or the dates on which the loans were repaid.

The fact that two accounts are in Petitioner's name, alone, is inadequate to support a claim for the relief she seeks. *United States v. $515,060.42*, 152 F.3d 491, 498 n. 6 (6th Cir. 1998) ("[B]are legal title, in the absence of assertions of dominion, control or some other indicia of ownership of or interest in the seized property, is insufficient to confer standing to challenge a forfeiture.").[3] Petitioner's assertion that she is the true owner of the cash is similarly insufficient to establish superior title. *United States v. Tarraf*, 725 F. Supp. 2d 625, 631 (E.D. Mich. 2010) (holding that petitioners' assertion that they were the true owners of cash did not support a showing of superior interest).

---

[3] "The rationale for the rule that bare legal title may be insufficient [for standing] is based on a candid determination that things are often not what they appear to be . . . [P]eople engaged in illegal activities often attempt to disguise their interests in property by placing title in someone else's name." *United States v. Coffman*, 997 F. Supp. 2d 677, 683 (E.D. Ky. 2014), *aff'd*, 612 F. App'x 278 (6th Cir. 2015) (citation omitted).

Moreover, Petitioner made her first loan to her husband in September 2010. Petitioner's claim does not predate the start of Defendant's health care fraud scheme in June 2010. Title vested in the Government relating back to June 2010 because that is when the criminal enterprise began.[4] *See SKL Investments, Inc. v. United States*, 2014 WL 4365297, (W.D. Tenn. Sep. 2, 2014) (finding that following the defendant's plea agreement in which he consented to criminal forfeiture, title vested in the government relating back to the date on which the property was purchased as part of the conspiracy"). Therefore, Petitioner has failed to state a plausible claim under this section.

## II. Petitioner has failed to establish that she is a bona fide purchaser for value.

Petitioner has not alleged enough facts to support a plausible claim that she is a bona fide purchaser for value. The purpose § 853(n)(6)(B) is to protect "a third party who acquires a legal interest in property for value after the acts giving rise to the forfeiture have occurred . . . ." *United States v. Huntington Nat. Bank*, 682 F.3d 429, 433 (6th Cir. 2012). Unsecured creditors such as a trade creditor or an

---

[4] Petitioner submits that discovery and a hearing in this case would allow the parties to determine which funds are proceeds. [Dkt. #55 at 6]. In making this argument, Petitioner misconstrues the purpose of the ancillary proceeding. The purpose of the hearing Petitioner requests is not to re-litigate a previous determination that property is subject to forfeiture, *see Fabian*, 764 F.3d at 636, 638; but rather, to determine whether she has standing under § 853(n).
Page 9 of 11

employee claiming wages are not considered bona fide purchasers for value within the meaning of § 853(n)(6)(B). *Campos*, 859 F. 2d at 1238.

Petitioner submits that because she is the owner of the money in the account, having received some through repayment of loans and some through her employment with husband's company, she has demonstrated that she is a bona fide purchaser for value. [Dkt. #55 at 4]. Petitioner's conclusory statement is insufficient to support a claim for the relief she seeks. *See Fabian*, 764 F.3d at 638.

To the extent that Petitioner is a former employee of her husband's company claiming wages, *Campos* makes clear that she would not be considered a bona fide purchaser for value under § 853(n)(6)(B). *See* 859 F. 2d at 1238. Additionally, by failing to plead any facts surrounding the circumstances that gave rise to the loans Petitioner made to her husband, Petitioner cannot establish that she has standing under this exception. Lastly, with respect to Petitioner's argument that the accounts were in her name, "the most Petitioner would be under this theory is a general creditor," *see Salti*, 579 F.3d at 669, not a bond fide purchaser for value.

## CONCLUSION

Assuming the facts set forth in the petition to be true, *see* FED. R. CRIM. P. 32.2(c)(1)(A), Petitioner fails to state a plausible claim for relief. The Petition [51] does not adequately set forth the nature and extent of Petitioner's interest in the Subject Property and the circumstances of Petitioner's acquisition of the interest in

the Subject Property. *See* § 853(n)(3). Because Petitioner has not pled sufficient facts to demonstrate that she held superior title to the property or that she was a bona fide purchaser for value, the Court finds a hearing unnecessary to resolve this matter. *See Salti*, 579 F.3d 656, 664.

Accordingly,

**IT IS ORDERED** that Petitioner Afsheen Habib's Petition for Hearing [51] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss Third-Party Petition is **GRANTED**.

**SO ORDERED**.

Dated: October 23, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge