UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **JAVED AKHTAR**, <br><br> Defendant. | 2:15-CR-20600-TGB-DRG <br><br><br> **ORDER GRANTING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE** <br> **(ECF NO. 67)** |

This matter is before the Court on pro se Defendant Javed Akhtar's motion to terminate probation[1] (ECF No. 67). Based on the Court's review of the motion and further review of the record in this case, the Court determines that supervision is no longer necessary. Accordingly, the Court **GRANTS** Defendant's motion to terminate supervised release, and the remaining term of supervised release imposed on Defendant is **TERMINATED**.

I. BACKGROUND

In October 2016, Defendant was sentenced to a 5-year term of imprisonment and ordered to pay $2,950,174 in restitution after pleading

---

[1] Although Defendant captions his pleading as a motion to terminate "probation," he is actually serving a three-year period of supervised release, which he began serving on July 16, 2021 upon release from a 60-month custody sentence on two counts of health care fraud conspiracy, imposed on October 13, 2016. Amended Judgment, ECF No. 47.

1

guilty to two counts of health care fraud conspiracy. Amended Judgment, ECF No. 47, PageID.245. The Court also imposed a 3-year term of supervised release following his release from custody. *Id.* at PageID.247.

Defendant was released from prison on July 16, 2021, and has now served nearly 16 months of his supervised release term. Government's Response to Defendant's Motion to Terminate Probation, ECF No. 71, PageID.365. Since his release, Defendant reports that he has complied with all conditions, enrolled in classes to obtain a CDL license, and consistently paid $50 per month in restitution. Defendant's Motion to Terminate Probation, ECF No. 67, PageID.355–56. Defendant also submitted a letter from Shakeel Ahmed, President of the Islamic Association of Michigan, attesting that Defendant has completed 500 hours of volunteer service as an Arabic Language Teacher. *Id.* at PageID.357.

The Government filed a response to Defendant's motion indicating that it "neither opposes nor concurs" with Defendant's request for termination of supervised release. ECF No. 71, PageID.365. The Government specifically points out that the Probation Department "does not affirmatively recommend early termination of supervised release until a defendant has served at least 18 months or one half of his or her term." *Id.* The Government does not contradict Defendant's statements that he has fully complied with his terms of release, nor does the Government raise any arguments in opposition to the propriety of early

termination. Rather, the Government "defers to the wisdom of this Court" on the question of whether to grant early termination. *Id.* at PageID.364.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e) further instructs courts to consider pertinent factors outlined by 18 U.S.C. § 3553(a) in assessing whether early termination is appropriate.

While Section 3583(e) plainly requires courts to evaluate the defendant's conduct on supervised release, "the phrase 'the interest of justice' gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). "[T]he statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *Id.*

## III.   DISCUSSION

After considering the Section 3553(a) factors, Defendant's conduct, and the interest of justice, the Court finds early termination of supervised release to be justified. Defendant has completed nearly half of his

supervised release term without any violations or other negative incidents. Indeed, the Government has not raised any concerns over Defendant's conduct while on supervised release, and does not dispute his compliance with all terms of supervised release over the past 16 months. Defendant is actively paying restitution, seeking gainful employment, volunteering in his community, and prioritizing his role as a father. ECF No. 67, PageID.355. Given the non-violent nature of the offense, Defendant's lack of prior criminal history, and the Court's assessment that Defendant is at a "low risk of future substance abuse," ECF No. 47, PageID.247, there is no reason to believe that Defendant poses a danger to the public.

The Court concludes that Defendant will be better able to secure employment and reintegrate into his family and community without supervised release obligations, and encourages Defendant to build on the progress he has made since his release.

## IV. CONCLUSION

Defendant's motion to terminate supervised release is **GRANTED**, and the remaining term of supervised release imposed on Defendant is **TERMINATED**.

**IT IS SO ORDERED.**

Dated: November 8, 2022     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE